Dear Mr. Stokes:
Your request for an Attorney General Opinion has been forwarded to me for research and reply. In particular, you have asked the following questions:
 1) Once a person is arrested and booked, does the arresting agency have discretion in whether to notify the district attorney of the arrest?
 2) Is this notification of the district attorney affected by whether the arrest was for a felony or a misdemeanor?
 3) Does the disposal of paperwork by the arresting agency constitute a crime?
 4) Does the failure of a public officer to notify the district attorney of an arrest constitute the crime of malfeasance in office?
La. C.Cr.P. art. 229 states, in pertinent part:
 The officer in charge shall, within forty-eight hours from the time of the booking, notify the district attorney in writing of all persons booked for violation of state statutes . . . (Emphasis added).
Further, La. C.Cr.P. art. 5 states that "shall" is mandatory. Attorney General Opinion No. 79-740 clearly states that "officer in charge" means the officer in charge of booking at the jail or police station. Thus, in response to your first question, if a state statute is violated, the "officer in charge" of the arresting agency is under an affirmative duty to notify the district attorney in writing of the arrest and booking.
Your second question addresses the gravity of the suspect's violation. La. R.S. 14:143 sets forth that, if there is a state statute that defines conduct punishable as a felony, no political subdivision may enact as an ordinance that same provision of law. There are, however, municipal ordinances that define conduct punishable as a misdemeanor, whether or not there exists a concurrent state statute. If a suspect were arrested for violation of a municipal ordinance (a misdemeanor) for which there existed no respective state criminal statute, art. 229 would not apply. La. C.Cr.P. art. 15, however, states that the provisions of its Code governs criminal prosecutions in city, parish, juvenile, and family courts, as well as state courts. Therefore, in such a situation, the duty to notify would be directed toward parish or city attorneys. Whether the crime is a felony or misdemeanor is not dispositive to the arresting agency's duty. The issue is whether the suspect is arrested and booked for violation of a state statute. If so, the "officer in charge" has an affirmative duty to notify the district attorney, in whom prosecutorial discretion is vested. La. C.Cr.P. art. 61
sets forth that the district attorney, subject to the supervision of the attorney general, has "entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute." See also La. C.Cr.P. art. 62.
Your third and forth questions are answered by the same statutorial provisions. La. R.S. 14:134 defines the crime of malfeasance in office as:
 Malfeasance in office is committed when any public officer or public employee shall:
 1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
 2) Intentionally perform any such duty in an unlawful manner; or
 3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse to fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
The statute is targeted not only toward those public officers who actually commit the affirmative deed, but also to their superiors who allow it. If the "officer in charge" were to dispose of booking records as an intentional attempt to avoid his or her duty to notify the district attorney of an arrest, the persons responsible may be held accountable under La. R.S. 14:134. If the disposal of records were incident to a routine purging of old records, then there would be insufficient intent to constitute a crime under the statute. This principle also holds true for the individuals involved. If the failure to perform the duty to notify the district attorney was intentional, the statute would be applicable; if that failure was due to a good faith clerical error, there may be no criminal liability. Mens rea for a criminal act is determined by the given facts of a particular situation.
In conclusion, it is the opinion of this office that the "officer in charge" has an affirmative duty to notify the district attorney of all persons booked for violation of state criminal statutes, regardless of whether those crimes are felonies or misdemeanors. Further, intentionally failing to perform that duty, or intentionally permitting subordinates to refuse that duty, including the destruction of necessary records of the arrest, may constitute malfeasance in office, punishable under La. R.S. 14:134.
I hope this opinion has adequately addressed your questions. If this office may be of further assistance, please do not hesitate to contact us again. With warmest regards, I am
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KATHLEEN PETERSON Assistant Attorney General